UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BRAYON JEROME WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00035-AGF |
| ) | |
| ELDON GRISSOM, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Brayon Jerome Williams, to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's amended complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Filing Fee Under Prison Litigation Reform Act**

Pursuant to 28 U.S.C. § 1915(b)(1), an incarcerated person bringing a civil action without prepaying the full filing fee is required to pay an initial partial filing fee. The Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the

prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the application, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## Background

Plaintiff Brayon Jerome Williams is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. The instant action brought pursuant to 42 U.S.C. § 1983 is one of four actions plaintiff filed in this Court alleging violations of his civil rights related to his arrests and criminal prosecutions in the Adair County Circuit Court over the course of two years.[1]

According to Missouri.Case.net, plaintiff had at least six criminal cases filed against him in Adair County Circuit Court within the past two years.[2] On February 21, 2020, an information was filed charging plaintiff with trespass. *See State v. Williams*, No. 20AR-CR00156 (2nd Jud. Cir., Adair Cty Ct). Plaintiff pled guilty on August 26, 2020, and he was sentenced to five days in jail with credit for time served. *Id.*

A criminal complaint was filed against plaintiff in Adair County Circuit Court on April 24, 2020, charging him with felony stealing. *See State v. Williams*, No. 20AR-CR00361-01 (2nd Jud. Cir, Adair Cty Ct). An information was filed on January 12, 2021, and plaintiff's motion to suppress the inventory search done of his person when he was taken into custody was denied on February 25, 2022. Plaintiff represented himself in his criminal action, and the matter was set for trial on September 8, 2022. It appears this matter has been dismissed by the Prosecutor of Adair County, as it is no longer pending on Missouri.Case.net.

---

[1] A summary of plaintiff's four cases brought in this Court is provided in *Williams v. Merdinian, et al.*, No. 2:22-cv-0061-AGF, ECF No. 3 at 3-5.

[2] This summary of plaintiff's six criminal cases is taken from *Williams v. Merdinian, et al.*, No. 2:22-cv-0061-AGF, ECF No. 3 at 5-7.

A criminal complaint was filed against plaintiff in Adair County Circuit Court on April 24, 2020, charging plaintiff with possession of a controlled substance, unlawful possession/transportation/manufacture/sale of an illegal weapon and unlawful possession of drug paraphernalia. *See State v. Williams*, No. 20AR-CR00362-01 (2nd Jud. Cir., Adair Cty Ct). An information was filed on January 12, 2021, and plaintiff's motion to suppress the inventory search done of his person when he was taken into custody was denied on February 25, 2022. Plaintiff represented himself at trial on August 1, 2022, in front of the Honorable Thomas P. Redington. Plaintiff was found guilty of possession of a controlled substance on that date. Plaintiff was sentenced to seven years' imprisonment in the Missouri Department of Corrections on September 19, 2022. *Id.*

On September 24, 2021, a criminal complaint was filed against plaintiff in Adair County Circuit Court charging plaintiff with burglary in the first degree, assault in the third degree, kidnapping in the third degree and two counts of felony resisting arrest. *See State v. Williams*, No. 21AR-CR00767-01 (2nd Jud. Cir., Adair Cty Ct). An information was filed on October 25, 2021. Plaintiff represented himself in his criminal action. It appears this matter has been dismissed by the Prosecutor of Adair County, as it is no longer pending on Missouri.Case.net.

On October 27, 2021, a criminal complaint was filed charging plaintiff with rape in the second degree. *See State v. Williams*, No. 20AR-CR00893 (2nd Jud. Cir., Adair Cty Ct). Plaintiff was arrested on the charge on December 7, 2020. It appears this matter has been dismissed by the Prosecutor of Adair County, as it is no longer pending on Missouri.Case.net.

On October 28, 2021, an information was filed charging plaintiff with trespass. *See State v. Williams*, No. 20AR-CR00894-01 (2nd Jud. Cir., Adair Cty Ct). After a trial in front of the

Honorable Kristie Swaim on February 4, 2021, plaintiff was found guilty on February 11, 2021. Plaintiff was sentenced to two days in jail in the Adair County Detention Center. *Id.*

### The Amended Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against several individuals alleging violations of his constitutional rights arising out of several arrests and later prosecutions in Adair County, Missouri from November 2019 through February 2022. Named as defendants are Scott Williamson (Chief, Kirksville Police Department), Mathew Wilson (Prosecutor), Eldton Grissom (Sheriff, Adair County), Kristie Swaim (Judge), Russell Steele (Judge), and Thomas Redington (Judge). Plaintiff sues all defendants in both their official and individual capacities.

Plaintiff's amended complaint details his interactions with the Kirksville Police Department, the Adair County Sheriff's Department, the Adair County Jail, and the Adair County Circuit Court over the course of more than two years. His allegations arise out of several arrests and the six prosecutions outlined above. *See* Am. Compl. (ECF No. 6) at 5-8.

For relief, plaintiff asks for his charges to be dropped and he be released from detention. He also seeks equal protection under the law and "my immunity recognized and applied." He seeks restraining orders against six individuals who have not been named as defendants. For monetary relief, he asks for damages of $100 million dollars for violation of Title 15 of the United States Code and $50,000 per case for unjust confinement and imprisonment. Finally he seeks "[a] home furnished and supplied with food with rent and utilities paid."


**Discussion**

Because plaintiff is proceeding without prepaying fees and costs, the Court reviews his complaint under 28 U.S.C. § 1915. Based on this review, and for the reasons discussed below, the Court has determined that plaintiff's complaint is subject to dismissal.

    *1.      Plaintiff's Claims Against the Sheriff of Adair County and the Chief of Kirksville Police Department*

Plaintiff names as defendants Eldon Grissom, Sheriff of Adair County, and Scott Williamson, Chief of Kirksville Police Department. To the extent the plaintiff's claims are asserted against defendants Grissom and Williamson in their official capacities, the claims will be dismissed.

An action brought against a public employee acting in his official capacity is an action against the employer. *See Johnson v. Outboard Marine*, 172 F.3d 531, 535 (8th Cir. 1999). Naming a government official in his official capacity is the equivalent of naming the government entity that employs him, which in the case of Grissom is Adair County, and in the case of Williamson, the City of Kirksville. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Because Adair County and the City of Kirksville are not suable entities, plaintiff's claims asserted against them through their employees are legally frivolous.

Plaintiff's claims brought against Grissom and Williamson in their individual capacities are also subject to dismissal. Plaintiff has not alleged these individuals had any involvement in the alleged unconstitutional conduct. He makes no allegations against Grissom and Williamson, and they are not named in plaintiff's statement of claim. Moreover, government officials may not be held liable for unconstitutional conduct under a theory of respondeat superior. *Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018); *see Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)

(explaining that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Plaintiff has alleged no facts establishing that Grissom and Williamson were personally responsible for violating plaintiff's rights. The Court will dismiss these defendants.

    2.    *Plaintiff's Claims Against State Court Judges*

Three of the remaining defendants are state court judges involved in plaintiff's underlying criminal proceedings: Judge Kristie Swaim, Judge Russel Steele, and Judge Thomas P. Redington. Judicial immunity bars plaintiff's suit against these state court judges. Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even if the judge is accused of acting maliciously or corruptly. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty*, 931 F.3d 753, 760 (8th Cir. 2019).

Judge Kristie Swaim, Judge Russel Steele, and Judge Thomas Redington are all Missouri state court judges protected by judicial immunity. The Court will dismiss plaintiff's claims brought against these judges.

### 3. *Plaintiff's Claims Against the Prosecutor*

Finally, plaintiff asserts claims against the prosecutor in his underlying criminal cases, Mathew Wilson. Prosecutors are immune from § 1983 liability so long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Id*. Plaintiff's claims against Mathew Wilson arise out of his actions taken while advocating for the State of Missouri in plaintiff's criminal prosecutions. Because Prosecutor Mathew Wilson is entitled to absolute immunity, plaintiff's claims against him will be dismissed.

For the foregoing reasons, the Court will dismiss plaintiff's amended complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 7]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint is **DISMISSED** without prejudice.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th day of January, 2023.

                                                                AUDREY G. FLEISSIG
                                                                UNITED STATES DISTRICT JUDGE